IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAMBRIDGE MOBILE TELEMATICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1260-RGA-LDH |
| | ) | |
| ZENDRIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Cambridge Mobile Telematics, Inc. ("CMT") and Defendant Zendrive, Inc. ("Zendrive") (collectively, the "Parties"), through their undersigned counsel, believe that in the above-captioned civil action ("Action") certain information possessed by the Parties or Non-Parties that is or may be encompassed by discovery requests will involve the production or disclosure of confidential business information, trade secrets, source code, or other proprietary or competitively sensitive information and that in order to preserve the legitimate privacy and business interests of the Parties and Non-Parties such information must be protected from disclosure;

WHEREAS this Stipulated Protective Order provides reasonable restrictions on the disclosure of such sensitive materials of a confidential nature;

WHEREAS in order to streamline the discovery process and minimize the need for Court intervention, this Stipulated Protective Order allows for the designation of confidential information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" and disclosure of designated materials is limited to specific classes of persons;

WHEREAS, on this this 19th day of September, 2023, all Parties agree to the terms of this Stipulated Protective Order to protect their confidential documents and information and good cause exists for the entry of this Order;

IT IS HEREBY STIPULATED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following provisions shall govern the handling of confidential information and documents in this Action:

## 1. PURPOSE AND LIMITATIONS

1.1. This Order applies to all documents and information produced or disclosed by any Person or Party in response to discovery requests and/or subpoenas in this action.

1.2. Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this Action and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

1.3. The provisions of this Order shall be binding on, and shall inure to the benefit of, the Parties to this Action, their successors and assigns, and shall also be binding on all employees, agents, affiliates, attorneys, auditors, consultants and representatives of each of the Parties.

1.4. In addition, all individuals or entities who have signed an "Acknowledgement and Agreement to be Bound" (attached as Exhibit A) will also be bound by the provisions of this Order.

1.5. The Parties acknowledge that this Order does not confer blanket protections on all disclosures made during discovery.  Designations under this Order shall be made with care

and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.

1.6. The Parties further acknowledge that this Order does not entitle them to file confidential information under seal; the procedures set forth in applicable local rules and standing orders must be followed.

## 2. DEFINITIONS

As used in this Order:

2.1. "**Action**" shall mean the above-captioned action pending in this Court, including any pre-trial, trial, post-trial, or appellate proceedings.

2.2. "**Counsel**" (without qualifier) shall mean Outside Counsel of Record and House Counsel (as well as their support staff).

2.3. "**Designated House Counsel**" shall mean House Counsel of a Party who are providing legal assistance in this litigation.

2.4. "**Designating Person**" or "**Designating Party**" shall mean the Party or Non-Party who designates material as Protected Material under this Order.

2.5. "**Disclose**" shall mean show, divulge, reveal, produce, send, provide, share, describe, transmit, or otherwise communicate, in whole or in part, and "**Disclosure**" means the act of Disclosing.

2.6. "**Discovery Material**" means all items or information produced or disclosed in connection with discovery in this Action, including from any Non-Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things).

2.7.   "**Document**" shall mean documents, materials, information, or electronically stored information as defined in Fed. R. Civ. P. 34(a) in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage, tangible items, electronically stored, or otherwise, including without limitation all interrogatory answers, responses to requests for production of documents or requests for admissions, deposition testimony and transcripts, deposition exhibits, and any other discovery materials.

2.8.   **"Electronically stored information"** or **"ESI"** shall have the same meaning as in Federal Rule of Civil Procedure 34.  Unless otherwise specified, the terms Document and ESI are used interchangeably throughout this Order.

2.9.   "**Expert**" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and is not currently employed by such Party or an affiliate of the Party.

2.10.  "**Highly Confidential - Attorneys' Eyes Only Information**" shall have the meaning specified in Paragraph 5.5.

2.11.  "**House Counsel**" shall mean attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12.  "**Non-Party**" shall mean any entity or Person not included in the caption to this Action.

2.13.  "**Outside Counsel of Record**" shall mean attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this Action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.14.  "**Parties**" shall mean collectively the Plaintiff and Defendant to this Action.

2.15. "**Person**" shall mean any natural person, corporate or business entity, partnership, association, joint venture, governmental entity, or trust.

2.16. "**Producing Party**" shall mean the Party that is producing Documents or other information in this Action.

2.17. "**Professional Vendors**" shall mean Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, e-discovery databases, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.18. "**Protected Material**" shall mean, collectively, information, Documents, and things designated as "CONFIDENTIAL" and/or information, Documents, and things designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and/or source code identified as "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.19. "**Protected Person**" shall mean any Person (including a Party or Non-Party) who produces any Documents, testimony or other material or information in this Action.

2.20. "**Receiving Party**" shall mean the Party to this litigation that receives Documents or other information produced by a Protected Person.

2.21. **"Source Code"** shall mean computer code, scripts, assembly, binaries, object code, source code listings and summaries of source code, object code listings and summaries of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files, Computer Aided Design (CAD) files, and any other similar materials.

## 3. SCOPE

3.1. The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from

Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, communications, discussions, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.3. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 5. DESIGNATION OF PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Person must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.1.1.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose

6

unnecessary expenses and burdens on other parties) may expose the Designating Person to sanctions.

5.1.2.  If it comes to a Designating Person's attention that information or items that it designated for protection do not qualify for protection, that Designating Person must promptly notify all other Parties that it is withdrawing the mistaken designation and must provide replacement copies appropriately designated within ten (10) calendar days of such notification.

5.2. A Party or Non-Party may designate ESI by affixing a stamp with such notice to the medium (including, but not limited to, tapes, CDs, DVDs, and flash drives) on which the ESI is stored before copies are delivered to a Receiving Party.  Printouts of any such ESI designated as Protected Material shall be treated in accordance with the terms of this Order.   Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") need not bear the appropriate stamp on every page of such document, when printed. Instead, the Disclosing Party may designate Natively Produced ESI under this Order by (a) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes a designation stamp; and (b) appending the designation to the file name of Natively Produced ESI.

5.3. Designations.  Documents and information produced in discovery in this Action may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by the Party or Non-Party producing such Documents, Source Code, or information or otherwise having

the right to protect the confidential and/or proprietary nature of such Documents, Source Code, or information.

5.4. <u>Confidential Material</u>. The Designating Person may designate as "CONFIDENTIAL" the following:

5.4.1.  Documents and information the Designating Person in good faith considers to constitute, reflect, or reveal confidential or proprietary business information, customer information, trade secrets, competitively sensitive technical, marketing, or other confidential business information, including without limitation non-public customer advertising, marketing, or customer communications.

5.4.2.  Documents and information required by law or by agreement to be kept confidential;

5.4.3.  Documents and information that contains private or confidential personal information;

5.4.4.  Documents and information that reflect information received in confidence from third-parties;

5.4.5.  Any other Documents and information that the Producing Person otherwise believes in good faith to be entitled to "CONFIDENTIAL" protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable local rules or standing orders.

5.5. <u>Highly Confidential – Attorneys' Eyes Only Material.</u>   A Designating Person may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Documents and information that the Designating Person in good faith considers to constitute, reflect, or reveal:

5.5.1. highly sensitive trade secrets, intellectual property, or proprietary technical information, including without limitation, research information, design and technical Documents and internal product specifications;

5.5.2. highly sensitive business, financial, or marketing information, including without limitation, licenses, forecasts, customer lists, pricing data (including but not limited to credits, discounts, returns allowances, rebates, and chargebacks), cost data, customer orders, sales data (including volumes, profits, and revenue), customer quotations, and strategy regarding the same;

5.5.3. pending or abandoned, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available;

5.5.4. contracts or agreements with third-parties that are subject to confidentiality restrictions; or

5.5.5. other highly competitively sensitive or proprietary material, whose disclosure must be even further restricted so as to protect the interests of the Designating Person pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

5.6. <u>Highly Confidential – Source Code Materials.</u>  A Designating Person may designate as "HIGHLY CONFIDENTIAL – SOURCE CODE" Documents and information ("Highly Confidential Source Code Information") that the Designating Person in good faith considers to constitute, reflect, or reveal extremely sensitive confidential information or items representing Source Code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another

Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5.7. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Stipulated Protective Order requires:

5.7.1.  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate, to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the Documents it wants copied and produced, the Producing Party must determine which Documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified Documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend, as appropriate, to each

page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5.7.2.   For testimony given in deposition or in other pretrial or trial proceedings, the Designating Person may before the close of the deposition, hearing, or other proceeding, or within thirty (30) days after receipt of the deposition or hearing transcript, designate such transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the 30-day period expires, access to the transcript shall be limited according to any designations made and in accordance with the terms of this Order.  Any portions not designated within thirty (30) days shall not be treated as Protected Material after the 30-day period expires. Pages of transcribed deposition testimony or exhibits to depositions that contain Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

5.7.3.   For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate.  If only

a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.8. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Person's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  For produced Documents, the Producing Person shall provide replacement copies or overlays with corrected designations with fourteen (14) days of correcting an inadvertent failure to designate.

## 6.  ACCESS TO AND USE OF PROTECTED MATERIAL

6.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of Persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the Persons authorized under this Order.

6.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

6.2.1.   the Court and Court personnel, and any appellate court in any appeal of this Action;

6.2.2.   Outside Counsel of Record, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this Action, one House Counsel of the Parties and their necessary clerical and paralegal support personnel, and clerical personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this case, provided that said House Counsel shall be designated in writing to opposing counsel and shall execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A) evidencing their agreement to the terms of this Order;

6.2.3.   professional court reporters, stenographers, or video and/or audio operators transcribing, recording, or taping depositions or testimony in this Action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.2.4.   interpreters or translators retained by counsel for the purpose of the case who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.2.5.   Experts or consultants who are employed or retained by a Party in connection with the prosecution or defense of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that counsel, in good faith, requires their assistance in connection with this Action, and further provided that any part of a report created by such Expert or consultant relying on or incorporating Protected Material, in whole or in part, shall be designated appropriately by the Party responsible for its creation; and provided further that the Experts or consultants may not use Protected Material to their competitive advantage or for any purpose that does not relate to the above-captioned Action.

6.2.6.   deponents and witnesses or prospective deponents or witnesses (and counsel for such deponents or witnesses) who (i) are existing employees of the Producing Party, (ii) are former employees of the Producing Party, or (iii) had access to or authored the Protected Material may be shown Protected Material of the Producing Party by the Receiving Party to the extent reasonably believed by counsel to be necessary in connection with their testimony in this Action or the preparation thereof; provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Protected Material except as otherwise permitted by this Order;

6.2.7.   Professional Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials and who are subject to obligations to (i) use Protected Material only for purposes of providing services to the Parties or their Outside Counsel of Record; and (2) keep Protected Material confidential;

6.2.8.   any mediator or arbitrator engaged by the named Parties to the Action and their staff and who are subject to obligations to keep the Protected Material confidential;

6.2.9.   the author or recipient of a Document containing the information or a custodian or other person who otherwise possessed or knew the information; and

6.2.10. any other Person authorized to receive materials designated "CONFIDENTIAL" by order of the court or by written agreement of the Parties who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

6.3. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Person, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those identified in 6.2.1, 6.2.3, 6.2.4, 6.2.5, 6.2.6, 6.2.7, 6.2.8, and 6.2.9, as well as:

6.3.1.   Outside Counsel of Record as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this Action and clerical personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this case;

6.3.2.   any other Person authorized to receive materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by order of the court or by written agreement of the Parties who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

6.4. The designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or other immunity or protection from disclosure, admissible, or proportional to the needs of the case.

6.5. This Order is without prejudice to the right of any Disclosing Party or Designating Party to assert that any Discovery Material is subject to any applicable claim of privilege or protection (collectively referred to as "privilege[s]"), and is without prejudice to any other Party's right to contest such a claim of privilege.

6.6. <u>Retention of Acknowledgement and Agreement to Be Bound</u>:   All Persons to whom Protected Material is disclosed pursuant to Section 6 as applicable above shall, prior to disclosure, be advised of the contents of this Order.  Outside Counsel for the Party making the Disclosure must retain copies of the "Acknowledgment and Agreement to Be Bound," for any individuals required to sign it under this Section 6, for a period of at least one year following final disposition of this Action.

6.7. <u>Filing Protected Material</u>.   Absent written permission from the Designating Party or a court order secured after appropriate notice, no Documents containing, referring to, or otherwise disclosing Protected Material shall be filed in the public record.  Documents containing Protected Material may be submitted to the Court under seal in accordance with this Court's local rules, including Local Rule 5.1.3.  Counsel for the filing Party shall be responsible for serving a copy of all sealed Documents on all other counsel of record.  The other Party shall then have five (5) business days from the date such Documents are filed under seal to notify the filing Party of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information they believe to be contained in such Documents.  Two (2) business days after such deadline, the filing Party shall file a public version of the Document with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information redacted from public view.  If a filing Party's request to file Protected Material under seal is denied, the filing Party may then file the information in the public record unless otherwise instructed by the Court.

6.8. <u>Use of Protected Material at Court Proceedings.</u>  Protected Material may be offered at a court proceeding only upon reasonable notice to all counsel and to the Court sufficient to

allow appropriate measures may be taken to secure the courtroom.  Any party may move the Court for an order that the information be received in camera or under other conditions to prevent unauthorized disclosure.

6.9. <u>Disclosure to Experts and Consultants.</u>  Counsel for the Receiving Party may disclose Protected Material to retained Experts and consultants who are actively assisting in the preparation for and/or trial of the case subject to the provisions of this paragraph.  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose information or items that have been designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code to retained Experts or consultants shall first make a written request to the Designating Party seeking permission to disclose to the Expert that includes (1) the Expert's or consultant's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) a current resume (if available) and (3) a list identifying all employers which such proposed expert or consultant has worked for in the past four (4) years, and lawsuits in which such proposed expert or consultant has consulted or testified in deposition, hearing or trial for the past four (4) years.  The opposing Party shall then have ten (10) calendar days from receipt of notice to serve a specific written objection to such disclosure.  If an objection is served within the ten (10) calendar day period, there shall be no disclosure to such Expert or consultant except by agreement of the Parties or order of the Court.  If no objection is served within the ten (10) calendar day period, objections are waived and the requesting Party may disclose Protected Material to the expert or consultant, unless a new ground for objection—resulting from a material nondisclosure by such expert or consultant or a subsequent material change in such expert's or consultant's circumstances—arises after

17

such time.  No Party may object to the selection of an Expert or consultant unreasonably. If a Party objects pursuant to the provisions of this paragraph and the Parties cannot resolve their dispute on the terms of disclosure, the Party making the objection may apply to the Court for an order barring disclosure of Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code to such person, or other appropriate relief.  Such an application to the Court shall be made within seventeen (17) calendar days of the receipt of the disclosure of such Expert or consultant (or such longer period agreed to by the Parties in writing), or the objection will be deemed to have been waived.

6.9.1.   **Restrictions on Experts**.  No Expert or consultant retained by a Party shall be permitted access to Protected Material unless the following additional conditions are satisfied:

6.9.1.1.   such Expert or consultant may not be, and no member of such expert's or consultant's clerical staff, if any, may be:

6.9.1.1.1.   a Party or a current or former officer, director, or employee of a Party; or

6.9.1.1.2.   an officer, director or employee of a competitor of a Party; or

6.9.1.1.3.   any of the listed inventors of the patents-in-suit; and

6.9.1.1.4.   such Expert or consultant must agree not to accept employment with a Party for a period of six (6) months after the conclusion of this Action (either by full settlement of all disputed causes of action or exhaustion or abandonment of all appeals) with the exception of employment or retention in said Expert's or consultant's capacity as an expert or consultant or expert witness in litigation on behalf of the same Party for which said Expert or

consultant has been retained in this Action or, with the written consent of said Party, on behalf of a different Party.

## 7. A NON-PARTY'S USE OF THIS PROTECTIVE ORDER

7.1. A Non-Party producing information or material, whether voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Order as any Party to that Action. However, Non-Parties shall not have access to any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" produced by any Party in this Action, except as otherwise provided in this Order.

## 8. UNAUTHORIZED OR INADVERTENT DISCLOSURE OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

8.1. In the event that a Receiving Party discloses any Protected Material subject to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Receiving Party responsible for making such disclosure, and each Party with knowledge thereof, shall notify counsel for the Producing Party whose Protected Material has been disclosed immediately upon discovery of the inadvertent disclosure and shall provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

8.2. To the extent consistent with applicable law, including, in particular, Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure of information subject to the attorney client, attorney work product, or other applicable privilege, regardless of whether

the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of privilege, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d).

8.2.1.   The Disclosing Party must provide notice in writing to the Receiving Party specifying the production number of (or otherwise identifying with sufficient specificity) the Discovery Material it wishes to claw back, and a log containing the date, author, recipients, topic of the inadvertently produced Discovery Material, and basis of the claim of privilege relied upon in support of its claw-back request in sufficient detail to allow the Receiving Party to evaluate the claim of privilege.

8.2.2.   The Receiving Party must use reasonable efforts to destroy or return to the Disclosing Party all copies of the inadvertently produced Discovery Materials in its possession, custody or control, and notify the Disclosing Party, or any other Party purporting to hold a privilege, that they have done so within five (5) business days of receiving notice from the disclosing Party.  The Receiving Party shall also within this time period destroy any notes or other writings that summarize, reflect, or discuss the specific content of the documents clawed back on the basis of privilege and no use may be made of such Documents and information until further order of the Court.

8.2.3.   The Receiving Party must take reasonable steps to retrieve the inadvertently produced Discovery Materials from other persons, if any, to whom such Discovery Materials have been provided, and notify the Disclosing Party that they have done so without seven (7) calendar days of receiving notice from the Disclosing Party.

8.2.4.   Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but the challenge shall not assert as a ground for production the fact or circumstances of the inadvertent production or the contents of the materials that was gained due to the inadvertent production.

8.3.   Notwithstanding the provisions set forth above, if the Receiving Party disputes the Disclosing Party's privilege claim for inadvertently produced Discovery Material that has been clawed back, or believes the privilege has been waived for reasons other than its inadvertent production in this Action, the Receiving Party shall within seven (7) business days of the claw-back request notify the Disclosing Party in writing of that objection. Within three (3) business days of the receipt of such notification, the Disclosing Party shall advise the Receiving Party whether it will withdraw the privilege claim, and if the Disclosing Party does not withdraw the privilege claim, respective counsel for the Disclosing Party and the Receiving Party shall meet and confer within five (5) business days in an effort to resolve any disagreement regarding the Disclosing Party's claim that such material is privileged.  If the Parties do not resolve their disagreement, the Receiving Party may, within twenty-one (21) calendar days from the date of the final meet and confer file a motion with the Court challenging the claim of privilege.

8.4.   If, during a deposition, a Party claims that Discovery Material being used in the deposition (e.g., a document marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege, it may instruct the witness not to answer questions concerning the Discovery Material.  Immediately following the deposition, the Parties will

21

commence the procedure outlined in the preceding paragraph to address the claim of privilege, including the notice requirement set forth in Paragraph 8.2.  Until any privilege dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat the portion of that transcript relating to the purportedly privileged Discovery Material as Confidential.

8.5. An inadvertent failure to designate a document as Protected Material does not waive the right to so designate the document.  If a party designates a document or testimony as Protected Material after it was initially produced or given, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document or testimony is treated in accordance with the provisions of this Order.  To the extent such information may have been disclosed to anyone not authorized to receive the Protected Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further such disclosure.

## 9.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

9.1. <u>Timing of Challenges.</u>  A Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9.2. <u>Manner of Challenges</u>.

9.2.1.  The challenging Party shall initiate a challenge by requesting in writing that the Designating Party change the designation and describe the basis for each challenge.

To avoid ambiguity, the written notice shall reference this specific paragraph of the Order.

9.2.2.   The Designating Party will then have seven (7) calendar days after receipt of the challenge notice to advise whether it will change the designation.  If it will not change the designation, it shall describe the basis for standing on the designation.

9.2.3.   The Parties shall then attempt to resolve the challenge by meeting and conferring in good faith within seven (7) calendar days following the Designating Party's response to the challenge.

9.3. Judicial Intervention.   If the parties are unable to resolve any dispute regarding a designation or the scope of the information that must be redacted in order to remove a designation, the Designating Party shall file and serve a motion to retain confidentiality in accordance with the Court's rules.  The information shall be treated in accordance with the Designating Party's original designation pending a ruling by the Court.  Failure to make a motion within twenty-one (21) calendar days after the initial notice shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 10. SOURCE CODE

10.1. <u>Treatment and Disclosure</u>.   Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed pursuant to the additional guidelines set forth herein for Source Code.  To be clear, Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be disclosed to House Counsel.

10.2. <u>Request for Inspection</u>.  Prior to the first inspection of any requested Source Code, the Receiving Party shall provide ten (10) calendar days' notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide three (3) business days' notice prior to any additional inspections.  Each inspection period may span multiple consecutive days (excluding weekend days), so long as appropriate notice is provided.

10.3. <u>Access Record</u>.  The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form, and shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format except as expressly provided herein.  Any paper copies of Source Code

used during an in-person deposition shall not be given to or left with a court reporter or any other unauthorized individual.

10.4.     <u>Source Code Inspection Procedure</u>.

10.4.1. Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Disclosing Party's counsel or another mutually agreed upon location.  For the purposes of this paragraph normal business hours shall be 9:00 a.m. to 5:00 p.m., local time at the reviewing location, Monday through Friday (excluding federal holidays).  The Source Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Material review room.  A break-out room will be provided to store any restricted items of the Receiving Party.  The Producing Party may not monitor or record via any electronic means the activities of the Receiving Party's representatives during any Source Code review.  The Disclosing Party may visually monitor the activities of the Receiving Party's

representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

10.4.2. Proper identification of all authorized persons shall be provided prior to any access to the secure room or to the Source Code Computers. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States or by the government of the United States.  Access to the secure room or the Source Code Computers may be denied, at the discretion of the Disclosing Party, to any individual who fails to provide proper identification.  All persons viewing the Source Code Computer shall sign on each day they view the Source Code Computer a log that will include the names of persons who view the Source Code Computer and when they enter and depart.

10.4.3. The Source Code Computer shall include a working keyboard, mouse, and monitor. The Source Code Computer shall include software sufficient to create or print PDF files of excerpts of the Source Code (*e.g.*, Notepad++).  The Source Code Computers shall, at the Receiving Party's request, include reasonable and commercially-available software tools appropriate for viewing, searching, and analyzing the type of Source Code produced on the platform produced.  The Producing Party shall install such software tools provided that (i) the Receiving Party possesses an appropriate license to such software tools; (ii) such software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein; (iii) the Receiving Party provides install files for the software tools, or URLs where they can be downloaded; and (iv) such software tools are not unduly burdensome to install on the Source Code Computers.  The Producing Party

26

may object to a requested software tool within two (2) business days of the Receiving Party's request and the parties shall meet and confer within five (5) business days of any objection in a good faith attempt to resolve it.  Subject to the resolution of any objection, the Producing Party shall install requested software on the Source Code Computer within seven (7) business days of Receiving Party's request to install said software.

10.4.4. The Receiving Party's Outside Counsel of Record and/or Experts or consultants shall be entitled to take notes relating to the Source Code but may not copy entire lines or commands of the Source Code into the notes.  All notes related to the Source Code, and all notes, copies, or printouts reflecting information that is designated HIGHLY CONFIDENTIAL – SOURCE CODE must be marked with the appropriate designation.  Nothing in the foregoing shall be interpreted to require the Receiving Party to disclose the substance of any notes taken during Source Code review.

10.4.5. To enable electronic note taking during Source Code reviews, the Disclosing Party shall also provide an additional "note-taking" computer inside the review room that is loaded with at least Microsoft Word software, unless otherwise agreed by the Disclosing Party and the Receiving Party.   The note-taking computer shall either be a portable laptop or be located in close proximity to the Source Code Computers to facilitate electronic note taking.

10.4.6. At the beginning of a Source Code review session, the Disclosing Party shall, when requested by the reviewer, upload to the note-taking computer an encrypted notes file (*e.g.*, uploading an encrypted notes file from a  USB memory stick provided by the reviewer to the note-taking computer).  The reviewer may then

decrypt and open the notes file using the note-taking computer for the purpose of taking notes during the Source Code review session.

10.4.7. During the Source Code review session, the Disclosing Party may disable any input and/or output devices on the note-taking computer (e.g., disable any USB ports, Wi-Fi or Ethernet connectivity, and/or optical disc drives) except as necessary to enable the reviewer to take notes (e.g., enable mouse and keyboard).  Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop/computer, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the note-taking computer.

10.4.8. At the end of a Source Code review session, the reviewer may save any notes in the encrypted notes file.   The Disclosing Party shall, when requested by the reviewer, download from the note-taking computer the encrypted notes file and provide an electronic copy to the reviewer (*e.g.*, downloading the encrypted notes file from the note-taking computer to a USB memory stick provided by the reviewer).

10.4.9. Notwithstanding this stipulation, although notes may include references to directory paths, source file names, function names, data variable names, and the like, no reviewer may at any time copy or include in electronic notes any portions or sections of the Source Code.   Reviewers using electronic note-taking will be directed by undersigned counsel not to copy or include in electronic notes any portions or sections of the Source Code.

10.5.     Paper Copies of Source Code. The Receiving Party may request paper copies of

limited portions of Source Code that are reasonably necessary for the preparation of court

filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not

request paper copies for the purposes of reviewing the Source Code other than

electronically in the first instance.  Source Code may be printed for only these limited

purposes.  The Receiving Party shall identify the Source Code it requests to be printed in

one of two ways: (1) identifying the file name, file path, beginning line, and ending line

for each excerpt of Source Code requested to be printed; or (2) printing the requested

excerpt to a PDF file, provided each page of the PDF file includes the file name, file path,

and line numbers of the printed excerpt.  The Receiving Party shall make the request to

print excerpts of Source Code to the Producing Party in writing.  Any Source Code printing

must be on 8.5" x 11" paper with a font no smaller than Courier 10 pt.  Any printed portion

that consists of more than fifteen (15) pages of a continuous block of Source Code shall

be presumed to be excessive, and the burden shall be on the Receiving Party to

demonstrate the need for such a printed copy.  The Receiving Party may print out a

maximum of One Thousand (1,000) pages total, but may request to print additional pages

upon demonstration of need, which the Disclosing Party will not unreasonably deny.  The

Disclosing Party shall provide any such Source Code in paper form, including Bates

numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Disclosing

Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes.

10.6.      <u>Depositions</u>.   The parties agree to meet and confer at least ten (10) calendar days before any deposition that is anticipated to involve source code in order to identify appropriate source code handling procedures.

10.7.      <u>Electronic Copies of Source Code</u>.   Except as provided in this paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). The Receiving Party may create an electronic copy or image of the Source Code only when reasonably necessary to accomplish any filing with the Court, to serve any pleadings or other papers on any other party, or to prepare necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.   Access to electronic versions of Source Code shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.   Additionally, any such electronic

copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

## 11. PATENT PROSECUTION RESTRICTIONS

11.1.    Absent the written consent of the Producing Party, any individual who receives technical information designated as Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code shall not be personally involved in prosecuting and/or amending patent applications, specifications, claims, and/or responses to office actions, on behalf of the Plaintiff or Defendant, that are directed to (1) determining, scoring, and reporting mobile phone distraction of a driver, (2) accident detection using a mobile device, or (3) the inference of vehicular trajectory characteristics with a mobile device; provided, however, that this disqualification shall not be imputed to partners, associates or other colleagues of such individual who had no access to Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code.  This provision does not pertain to any individual that receives non-technical information, such as information reflecting or describing past sales, marketing and information reflecting or describing past contractual relationships, including licensing agreements, that is designated as Confidential or Highly Confidential – Attorneys' Eyes Only.  These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, and are not intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination, *inter partes* review,

covered business method review, or reissue proceedings on behalf of a Party, so long as that Party does not or cannot amend the patent claims as part of that proceeding.

11.2.    These prohibitions shall begin when the affected individual first receives access to any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material in this Action, and shall end two (2) years after the final resolution of this action, including all appeals.

## 12. MISCELLANEOUS

12.1.    <u>Modification.</u>  Nothing in this Order abridges the right of any Person to seek its modification by the Court in the future.  A Party may apply to the Court for modification of this Order after reviewing the documents designated as Protected Material.  If counsel determines that they intend to apply to the Court for modification of the Order, they shall nevertheless continue to abide by the terms of this Order until the Court makes a final ruling on the issue.

12.2.    <u>Limitations of Order.</u>  This Protective Order in no way affects or relieves any Party of its responsibility to comply with any federal, state, or local law or regulation.  Nothing in this Protective Order alters the rights and/or liabilities of the Parties with respect to this Action or should be construed to create a contract between the Parties.  Nothing herein shall be deemed to restrict any Party or their Counsel with respect to their own Documents and information and/or the Documents and information of their respective affiliates. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and, in the course thereof, relying generally on analysis performed based on any Protected Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not disclose the Protected Material in a

manner that violates this Order.  Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by Order of the Court, or provided the material is filed under seal in accordance with the Delaware Local Rules.

12.3.   <u>Disqualification.</u>   Counsel's access to Protected Material under this Protective Order shall not be used by any other Party to seek to disqualify such counsel from participating in any other proceeding or representation.

12.4.   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.5.   <u>Other Proceedings</u>.   By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any Person or Party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 13. TERMINATION OF CASE

13.1.     Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Person agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Court will continue to have jurisdiction to enforce this Order after termination of this Action.

13.2.     Within sixty (60) days after the final disposition of this Action, Documents designated as Protected Material shall be returned to Counsel for the Party or Parties who designated the information as Protected Material, or destroyed.  All Counsel of record shall submit a written certification of compliance herewith to the Producing Party not more than sixty (60) days after final disposition of this Action.  Counsel, including any person who obtained access to Protected Material pursuant to this Order, shall be barred from disclosing such information thereafter.  Notwithstanding the above, Outside Counsel of Record for each party may retain archival copies of all confidential pleadings, motion papers, exhibits thereto, joint appendices filed with the Court, administrative records, transcripts or other records of court proceedings, legal memoranda, correspondence, and work product.  The terms of this Protective Order shall continue to apply to any such information retained by any Party.  Any Party may retain copies of any public court filing without limitation.

*/s/ Andrew E. Russell*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com

Douglas J. Kline
Lana Shiferman
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
dkline@goodwinlaw.com
lshiferman@goodwinlaw.com

Andrew Ong
GOODWIN PROCTER LLP
601 Marshall St.
Redwood City, CA 94063
(650) 752-3100

Annaka Nava
Amanda E. Stephenson
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4000
anava@goodwinlaw.com
astephenson@goodwinlaw.com

Sarah A. Casey
GOODWIN PROCTER LLP
601 S. Figueroa Street Suite 4100
Los Angeles, CA 90017
(213) 426-2500
scasey@goodwinlaw.com

*Attorneys for Cambridge Mobile
Telematics, Inc.*

*/s/ Jason J. Rawnsley*
Frederick L. Cottrell, III (No. 2555)
Jason J. Rawnsley (No. 5379)
Puja A. Upadhyay (No. 7125)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7550
cottrell@rlf.com
rawnsley@rlf.com
upadhyay@rlf.com

Clement Seth Roberts
Sarah Kate Mullins
Pengweixi Sun
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
(415) 773 5700
croberts@orrick.com
sarahmullins@orrick.com
rsun@orrick.com

Alyssa Caridis
Isaac Sawlih Behnawa
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave.
Los Angeles, CA 90071-1560
(213) 629 2020
acaridis@orrick.com
ibehnawa@orrick.com

*Attorneys for Zendrive, Inc.*

SO ORDERED, this <u>20</u> day of <u>September</u> 2023.

/s/ Richard G. Andrews
_____
United States District Court Judge

## EXHIBIT A: ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, hereby acknowledge, agree, and certify under penalty of perjury:

1.      I have read the Stipulated Protective Order ("Order") entered in the civil action captioned *Cambridge Mobile Telematics, Inc. v. Zendrive, Inc.*, No. 1:22-cv-01260-RGA, in the United States District Court for the District of Delaware.

2.      I understand the terms of the Order.

3.      I agree to be bound by and comply with the terms of the Order, and not to disclose any information subject to the Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Order.

4.      I understand that a violation of the Protective Order may subject me to contempt proceedings and to legal and equitable remedies, including damages.

5.      I understand and agree that money damages would not be a sufficient remedy for breach of this Order and that a party that asserts the confidential interest shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach.  I agree to waive any requirement for the securing or posting of any bond in connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Order but shall be in addition to all remedies available at law or equity.

6.      I hereby irrevocably submit to the jurisdiction of the United States District Court for the District of Delaware, or any other court of competent jurisdiction, for purposes of ensuring compliance with the terms and conditions of the Order and for civil remedies in the form of legal and equitable relief, including damages, for any breach thereof.

_____
Date

_____
Signature

_____
Printed Name